## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WIDE OCEAN, LLC and REACH-ALL CORP.,<br><br>Plaintiffs,<br><br>v.<br><br>FAMILY FOOD DISTRIBUTORS, INC.,<br><br>Defendant. | Civil Action No.<br><br>Civil Action<br><br>**COMPLAINT WITH JURY DEMAND** |

Plaintiffs, Wide Ocean, LLC ("Wide Ocean") and Reach-All Corp. ("Reach-All", together with Wide Ocean, "Plaintiffs"), hereby submit this Complaint against Defendant, Family Food Distributors, Inc. ("FFD" or "Defendant"), and allege as follows:

### INTRODUCTION

1.      If a picture is truly worth 1,000 words, then the below pictures speak volumes about the conduct complained of in this action.









2.      This is an action for trademark infringement, trade dress infringement, and federal and common law unfair competition arising from FFD's unauthorized use of Wide Ocean's trademarks and trade dress with the single purpose of usurping the goodwill associated with the Van Ecuador brand and, ultimately, leveraging their superior size and resources to drive a small, family-owned company out of business.   Indeed, when approached regarding an amicable resolution, FFD took the unbelievable position that there was nothing protectible about the brand Plaintiffs and their predecessors spent over a decade developing.   Plaintiffs were left with two options: (i) capitulate to FFD's unscrupulous conduct and abandon their business; or (ii) fight to survive.   They chose the latter.

## THE PARTIES

3.     Wide Ocean is a limited liability company organized and existing under the laws of the State of New Jersey, having a place of business at 107-45 Merrick Boulevard, Jamaica, New York.  Wide Ocean is a family-owned business with two members: Marcos Raúl Cobena Bravo ("Mr. Bravo") and his son, Marcos Raúl Cobena Vera ("Mr. Vera").  Wide Ocean is the current owner of the Van Ecuador brand and all associated intellectual property, as discussed further below.

4.     Reach-All is a corporation organized and existing under the laws of the State of New York, having a place of business at 107-45 Merrick Boulevard, Jamaica, New York 11433. Like Wide Ocean, Reach-All is a family-owned business whose sole owner is Mr. Bravo.

5.     Upon information and belief, FFD is a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 969 Newark Turnpike, Unit D, Kearny, New Jersey 07032.

## JURISDICTION AND VENUE

6.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. § 1121 as this action involves allegations of trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1051, *et seq*., unfair competition, and related claims arising out of the same operative facts.  This Court has subject matter jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

7.     FFD is a New Jersey corporation that maintains a principal place of business in New Jersey.  FFD markets and sells goods, including the goods at issue in this Complaint, throughout the United States, including in this judicial district.

8.      Venue is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

*The Van Ecuador Brand and Trademarks*

9.      For over a decade, the Van Ecuador brand has been associated with high quality, nutritious, and responsibly sourced canned tuna.  Van Ecuador-brand canned tuna is currently sold throughout the United States in single cans and multi-packs.

10.     Upon information and belief, the VAN ECUADOR trademarks, which consist of the VAN ECUADOR word and design marks and distinct trade dress (together, the "VAN ECUADOR Trademarks"), have been in continuous use in the United States in connection with canned tuna products since as early as 2007.

11.     Wide Ocean filed for registration of the VAN ECUADOR word mark with the United States Patent and Trademark Office ("USPTO") on September 13, 2022, and that application is pending.

12.     The VAN ECUADOR design mark was registered with the USPTO on July 15, 2008.  At that time, the VAN ECUADOR design mark was owned by non-party Van Ecuador Sea Foods, Inc.  Wide Ocean filed a Declaration of Incontestability for the VAN ECUADOR design mark on October 23, 2022, which was acknowledged by the USPTO on November 28, 2022.

13.     A copy of the registration certificate for the VAN ECUADOR design mark is appended hereto as **Exhibit A**.  The VAN ECUADOR design mark is displayed below:



14.     After a series of assignments, the VAN ECUADOR Trademarks and associated goodwill was assigned to non-party Wide-Sea Corp. ("Wide-Sea").

15.     In or around 2018, Mr. Bravo, who had recently immigrated to the United States from Ecuador, relocated from Florida to New York to pursue a promising business opportunity - to partner with the owner of Wide-Sea to help further develop the Van Ecuador brand.

16.     In or around the end of 2019 (shortly before the start of the global pandemic), Mr. Bravo invested nearly his entire savings in the Van Ecuador brand by acquiring his former partner's ownership interest (which included a significant amount of debt) in Wide-Sea, thereby becoming the sole owner of the company and, more importantly, a brand he believed in.  Shortly thereafter, Mr. Bravo was joined by his son, Mr. Vera, who shared his father's passion and vision for the Van Ecuador brand.

17.     From that point forward, Mr. Bravo and his son worked tirelessly to grow the Van Ecuador brand, reputation, and goodwill.  They did so despite extremely difficult market conditions, including the continued operation of an international food company during the COVID-19 global pandemic.  In fact, due to their tireless efforts, Wide-Sea was one of the few companies able to continue to offer canned tuna products during that uncertain time.  The family's perseverance and hard work ultimately paid off, and the reputation and goodwill associated with the Van Ecuador brand continued to rise.

18.     On August 16, 2021, Wide-Sea assigned the VAN ECUADOR Trademarks and associated goodwill to Mr. Bravo.  Mr. Bravo and his son continued to use and develop the Van

6

Ecuador brand, including, upon and belief, the introduction of the first and only available four-pack of canned tuna in the manner and orientation described below.

19.     On September 12, 2022, Mr. Bravo assigned the VAN ECUADOR Trademarks and associated goodwill to Wide Ocean, a limited liability company he formed with his son.  In turn, Wide Ocean granted Reach-All exclusive rights to use the VAN ECUADOR Trademarks and other intellectual property in connection with the importation, marketing, and sale of Van Ecuador-brand products in the United States.

20.     Reach-All currently sells Van Ecuador canned tuna products directly to supermarkets, with a particular emphasis on specialty supermarkets serving the Hispanic community, as well as to distributors.

***The Van Ecuador Trade Dress***

21.     The success of the Van Ecuador brand has also been driven, in large part, by the carefully cultivated and distinctive trade dress of its canned tuna product, as displayed below:



22.     As is demonstrated by the foregoing image, the Van Ecuador brand's distinct trade dress includes a dark blue background with the VAN ECUADOR design mark in white next to a red ribbon displaying the term "TUNA" in white lettering.  Below the design mark is another red ribbon displaying the phrase "SOLID PACK IN OIL" in white lettering.  An image

of the tuna on a bed of lettuce, with a tomato, is immediately to the right of the design mark.  To the bottom left of the design mark is a symbol of a tab used to open the can with the words "EASY OPEN" within the tab.  The top of the can contains three lines in the colors of the Ecuadorian flag.

23.     This distinctive trade dress is even more apparent on Van Ecuador's four-pack, as displayed below:



24.     Consistent with the trade dress of the individual cans, the four-pack displays the same dark blue background with the VAN ECUADOR design mark in white next to a red ribbon displaying the term "TUNA" in white lettering.  The same red ribbon displaying the phrase "SOLID PACK IN OIL" in white lettering is displayed to the right of the design mark.  The same image of the tuna on a bed of lettuce, with a tomato, is to the right of the design mark.  The symbol of a tab used to open the can with the words "EASY OPEN" within the tab is once again found to the bottom left of the design mark.  The three lines in the colors of the Ecuadorian flag are displayed to the right of the "TUNA" ribbon.

25.     As displayed in the above image, the four-pack is marketed as including one free can.  Three of the cans are encased in dark blue packaging while one can is encased in yellow packaging displaying the words "1 CAN FREE" in white lettering over a red circle and ribbon. Between the design mark and the image of the tuna is a circular "4 pack" symbol.

65035/0001-43984949

26.     Wide Ocean is the current and exclusive owner of the distinctive Van Ecuador trade dress for canned tuna.  Upon information and belief, until FFD introduced its own product into the market, Wide Ocean and its predecessors were the only companies using this distinct trade dress in connection with tuna products, and the trade dress was, until that time, exclusively associated with the Van Ecuador brand.

***FFD's Unlawful Conduct***

27.     In August 2022, Plaintiffs made a shocking discovery.  FFD, a large distributor and importer of Hispanic and specialty market goods, had begun using nearly identical trademarks and trade dress in connection with the marketing and sale of their own competing canned tuna product.

28.     Specifically, FFD was offering for sale canned tuna, including individual cans and four-packs, under the brand name "***GR***AN ECUADOR," with the GRAN ECUADOR name displayed in a confusingly similar stylized form as the VAN ECUADOR design mark (including offsetting GRAN/VAN above ECUADOR).  The GRAN ECUADOR design mark, as compared to the VAN ECUADOR design mark, is displayed below:



29.     In addition to the use of a confusingly similar name and design mark, Plaintiffs discovered that FFD had begun using a confusingly similar trade dress, one that incorporates nearly all the components of the VAN ECUADOR trade dress such that it is nearly impossible to distinguish the two.  The confusing similarity is illustrated through a side-by-side comparison of the products, as displayed below:

9






30.    As illustrated above, both products utilize a dark blue background, the confusingly similar word and design marks (VAN ECUADOR/GRAN ECUADOR) next to a red ribbon displaying the term "TUNA" in white lettering.  Both products include a second red ribbon below the design mark displaying the phrase "SOLID PACK IN OIL" in white lettering.  Both products include an image of the tuna on a bed of lettuce, with a tomato, immediately to the right of the design mark.  Both products include a symbol of a tab used to open the can with the words "EASY OPEN" within the tab.  With respect to the four-pack, both products are marketed as including one free can, with three cans encased in dark blue packaging and one can encased in

yellow packaging.  Both products include a circular "4 pack" symbol between the design mark and the image of the tuna.

31.     Exacerbating the confusion, the products are being sold at supermarkets and other retailers side-by-side on the same or adjacent shelves, as displayed below:

 

 

 

32.     Upon information and belief, FFD is also offering its four-pack of canned tuna at a reduced cost and/or for free to certain stores as an incentive to stock and sell its confusingly similar product.

33.     FFD's use of confusingly similar trademarks and trade dress has already resulted in multiple instances of consumer confusion.

34.     For example, one of Reach-All's largest distributors recently contacted Plaintiffs to inquire as to whether the Van Ecuador and Gran Ecuador brands were related.

35.     By way of further example, on a recent sales call, Mr. Vera was advised by one of Reach-All's New Jersey-based retail customers that it "already bought" Van Ecuador canned tuna products when, in fact, it had purchased FFD's competing product.

36.     FFD even recently approached Van Ecuador's Ecuadorian producer, Eurofish S.A. ("Eurofish"), believed to be the only producer manufacturing the four-pack in Ecuador, to produce FFD's four-pack product.  Eurofish was so confused by the similarity between FFD's product and the Van Ecuador brand product that one of its representatives contacted Mr. Vera directly, explained the situation, and asked whether the products were related.  Mr. Vera explained that Van Ecuador had not consented to FFD's use of the VAN ECUADOR Trademarks.

37.     In addition to the foregoing, Mr. Vera has been contacted by customers in Florida, Connecticut, and Illinois concerning the influx of Gran Ecuador products in the marketplace, including inquiries as to the association between Van Ecuador and the newly-introduced Gran Ecuador-brand canned tuna products.

38.     Additional customers throughout the country have advised Plaintiffs of a rapid and substantial increase of the volume of infringing product being introduced by FFD.

39.     FFD's unauthorized use of the VAN ECUADOR Trademarks infringes Plaintiffs' rights and constitutes unfair competition.  FFD's unauthorized use of the VAN ECUADOR Trademarks is particularly troubling given FFD's awareness of the Van Ecuador brand and products.

40.     There can be no legitimate dispute that FFD is deliberatively copying and misappropriating the VAN ECUADOR Trademarks to capitalize on Van Ecuador's popularity, particularly within the Hispanic community.  FFD is engaging in unlawful conduct knowingly, willfully, and intentionally, or with at least reckless disregard for Plaintiffs' rights.

41.     FFD's intentional copying and misappropriation of the VAN ECUADOR Trademarks is even more evident when considering FFD's international activities.  For example, on January 10, 2023, four months after receiving a cease-and-desist letter from counsel for Wide Ocean and Mr. Bravo (discussed below), FFD filed a trademark application with the Mexican Institute of Industrial Property (IMPI) seeking trademark protection for the VAN ECUADOR word mark in Mexico.

42.     As a result of FFD's actionable conduct, Plaintiffs have already suffered a significant and cognizable loss of revenue in addition to irreparable reputational damage and damage to the goodwill associated with the Van Ecuador brand.

***Plaintiffs' Efforts To Stop FFD's Unlawful Conduct***

43.     On September 16, 2022, only a few weeks after first learning of FFD's conduct, Wide Ocean and Mr. Bravo, though counsel, sent a letter to FFD demanding, among other things, that FFD immediately cease its infringing, unlawful, and anti-competitive conduct.

65035/0001-43984949

44.    FFD refused to comply, choosing instead to take an adversarial posture premised on a feigned belief that there is nothing protectible about the Van Ecuador brand.  FFD took it further, threating action *against Plaintiffs* in the event Plaintiffs pursued this matter any further.

45.    Following this interaction, FFD seemingly ceased manufacturing, importing, and offering the infringing product for sale in the United States.  This pause, however, lasted less than five months.  Upon information and belief, the pause was not related to Plaintiffs' cease and desist efforts, but rather a problem/delay in FFD's supply chain, which is likely why FFD approached Eurofish about manufacturing the infringing product.

46.    In December, FFD's counsel contacted Plaintiffs' counsel, mistakenly assuming the lack of communication between the parties meant that FFD "can put [Plaintiffs'] claims to rest."  Notably, this correspondence was received shortly after FFD began pursuing Eurofish, but during the time where it appeared that FFD had stopped offering the infringing product for sale.

47.    Plaintiffs, through counsel, corrected and rejected FFD's assumption, reserved all rights, and advised that their investigation into FFD's conduct was ongoing.  This investigation has revealed that FFD has not ceased its conduct and, upon information and belief, has no intention of doing so in the future.

48.    Facing an adversary that refuses to even acknowledge the brand they spent years developing – one who is willing to go as far as to contact their own manufacturer to create nearly identical, infringing product – and further recognizing mounting losses and irreparable damage to that brand, Plaintiffs were left with no choice but to file this lawsuit and seek the legal and equitable relief requested herein.

## FIRST COUNT
### (Federal Trademark Infringement Under 15 U.S.C. § 1114)

49.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if stated fully herein.

50.     The VAN ECUADOR design mark is valid, enforceable, and incontestable.

51.     FFD uses a confusingly similar trademark to the VAN ECUADOR design mark in connection with identical goods sold by Plaintiffs.

52.     FFD's goods are provided through the same channels of trade to the same classes of consumers as those of Plaintiffs.

53.     FFD's use of the VAN ECUADOR design mark is likely to cause, and has caused, consumer confusion and is deceptive.  Indeed, the use is likely to cause, and has caused, confusion as to the origin of, affiliation, connection, or association with the VAN ECUADOR brand and/or as to the origin, sponsorship, or approval of FFD's product.

54.     FFD's aforesaid conduct constitutes infringement of Wide Ocean's federally registered and incontestable VAN ECUADOR design mark under 15 U.S.C. § 1114.

55.     FFD's conduct has caused, and will continue to cause, substantial damage to Plaintiffs unless enjoined by this Court.

56.     As there is no adequate remedy at law for this wrong, Plaintiffs are entitled to a preliminary and permanent injunction restraining and enjoining FFD and its agents, servants, employees, attorneys, and all persons acting in concert with it from using the VAN ECUADOR design mark or any colorable imitation of same.

57.     FFD's conduct, including ongoing infringement with knowledge of Plaintiffs' rights, constitutes willful and malicious infringement of those rights.

65035/0001-43984949

## SECOND COUNT
### (Trade Dress Infringement)

58.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if stated fully herein.

59.     The Van Ecuador trade dress is nonfunctional, fanciful, arbitrary, distinctive, and uniquely and exclusively associated with the Van Ecuador brand.

60.     As a result of long-time, continuous use of the Van Ecuador trade dress in connection with the marketing and sale of canned tuna, the trade dress has acquired secondary meaning in the minds of consumers.

61.     FFD's use of the trade dress in connection with identical products gives the false impression to consumers that FFD is affiliated with or related to the Van Ecuador brand, and is causing confusion, mistake, and deception among the trade and consumers.

62.     FFD's use of the Van Ecuador trade dress constitutes false designations of origin, false descriptions or representations, and falsely describes and/or represents FFD's products as part of, approved by, or affiliated with the Van Ecuador brand.

63.     FFD is deliberately engaged in this conduct with knowledge of the falsity of the designations of origin, descriptions, and representations, yet continues to offer the products for sale to consumers.  This use is likely to cause, and has caused, consumer confusion, mistake, and is deceptive.

64.     FFD has caused these confusing and deceptive products to be transported, used, and/or advertised in interstate commerce in violation of 15 U.S.C. § 1125.

65.     As a result of FFD's alleged actions in the canned tuna market, Plaintiffs have been, and will continue to be, irreparably damaged insofar as the use will cause and is likely to cause confusion in consumers and will impair and/or destroy the value of the Van Ecuador brand

16

and its goodwill, resulting in loss and injury to Plaintiffs.  FFD's actions will likely continue unless restrained.

## THIRD COUNT
### (Federal Unfair Competition Under 15 U.S.C. § 1125(a))

66.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if stated fully herein.

67.     FFD's conduct in using the VAN ECUADOR Trademarks, as aforesaid, is likely to cause confusion, to cause mistake, and/or to deceive the public into mistakenly believing that: (a) FFD is a licensee, authorized distributor, or affiliate of Wide Ocean; (b) FFD and its activities are authorized, endorsed, sponsored, or approved by Wide Ocean; or (c) FFD and its activities originate with or are associated with Wide Ocean or vice versa.

68.     FFD's conduct, as aforesaid, is likely to cause confusion, to cause mistake, and/or to deceive the public into mistakenly believing that its product comes from the same source.

69.     Furthermore, and upon information and belief, FFD is engaging in anti-competitive conduct, including below-cost pricing, to unfairly compete with Plaintiffs and flood the market with its confusingly similar product.

70.     FFD's conduct, as aforesaid, has caused, and continues to cause, both ascertainable and unquantifiable damages to Plaintiffs including, without limitation, damage to Plaintiffs' business, its business reputation, and its business relations.

71.     FFD's conduct, as aforesaid, was undertaken in violation of 11 U.S.C. § 1125(a) and has caused, and will continue to cause, irreparable injury to Plaintiffs unless enjoined by this Court.

## FOURTH COUNT
### (State Common Law Unfair Competition)

72.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if stated fully herein.

73.     FFD's conduct, as aforesaid, constitutes unfair competition under the common law of the State of New Jersey.

74.     FFD's conduct, as aforesaid, constitutes a pattern of intentional and willful unfair competition.

75.     FFD's conduct, as aforesaid, has caused, and is continuing to cause, both ascertainable and unquantifiable damages to Plaintiffs including, without limitation, damages to Plaintiffs' business, business reputation, and business relations.

## FIFTH COUNT
### (Unfair Competition – N.J.S.A. §§ 56:4-1 & -2)

76.     Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if stated fully herein.

77.     Pursuant to N.J.S.A. § 56:4-1, "[n]o merchant, firm or corporation shall appropriate for his or their own use a name, brand, trade-mark, reputation or goodwill of any maker in whose product such merchant, firm or corporation deals."

78.     Pursuant to N.J.S.A. § 56:4-2, "[a]ny person, firm or corporation violating any of the provisions of section 56:4-1 … shall be liable, at the suit of the maker of such branded or trade-marked products, or any other injured person, to an injunction against such practices, and shall be liable in such suit for all damages, directly or indirectly caused, to the maker by such practices, which damages may be trebled in the discretion of the court."

79.    FFD's conduct, as aforesaid, constitutes the misappropriation and tortious exploitation of the VAN ECUADOR Trademarks, and the reputation, and/or goodwill associated with the Van Ecuador brand.

80.    Accordingly, FFD has intentionally, willfully, or otherwise violated N.J.S.A. § 56:4-1 in a manner harmful to Plaintiffs, making it liable for all monetary and non-monetary damages set forth in N.J.S.A. § 56:4-2.

81.    FFD's misappropriation and tortious exploitation of the VAN ECUADOR Trademarks, and the reputation and/or goodwill associated with the Van Ecuador brand, as aforesaid, has caused, and is continuing to cause, both ascertainable and unquantifiable damages to Plaintiffs including, without limitation, damages to Plaintiffs' business, business reputation, and business relations.

<u>**PRAYER FOR RELIEF**</u>

**WHEREFORE**, Plaintiffs respectfully request relief from this Court as follows:

(A)    An Order permanently enjoining and restraining FFD, and any and all of its respective parent companies, affiliates, subsidiaries, officers, employees, agents, representatives, members, directors, attorneys, and/or other persons acting on its behalf, from using the Van Ecuador Trademarks, or any confusingly similar trademarks (including GRAN ECUADOR) or trade dress, for any purpose;

(B)    An Order requiring FFD to destroy all products and/or inventory in its possession, custody, and/or control displaying or utilizing the Van Ecuador Trademarks, or any confusingly similar trademarks (including GRAN ECUADOR) or trade dress, including, without limitation, any inventory in the possession of third-party distributors;

(C)    An Order requiring an accounting of FFD's sales and profits arising from its unlawful conduct.

(D)     An award, pursuant to 15 U.S.C. § 1117(a) of: (i) all of FFD's profits arising from its unlawful conduct; and (ii) all damages sustained by Plaintiffs arising from FFD's unlawful conduct.

(E)     All non-monetary and monetary damages, including, without limitation, treble damages, provided for under N.J.S.A. § 56:4-2.

(F)     An award of pre- and post-judgment interest.

(G)     An award of Plaintiffs' costs and reasonable attorneys' fees incurred in connection with this action, pursuant to 15 U.S.C. § 1117(a).

(H)     An award of such other and further relief as the Court may deem just and equitable under the circumstances.

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b) and L. CIV. R. 38.1, Plaintiffs hereby demand a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

The undersigned counsel for Plaintiffs hereby certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

**COLE SCHOTZ P.C.**
*Attorneys for Plaintiffs, Wide Ocean, LLC and Reach-All Corp.*

By: */s/ David S. Gold*
David S. Gold, Esq.
dgold@coleschotz.com
Elizabeth A. Carbone, Esq.
ecarbone@coleschotz.com
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Phone: (201) 489-3000

Dated: March 9, 2023